IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JORGE MARTINEZ,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:07CV960 DAK |

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255.  Petitioner claims that his counsel was ineffective for failing to timely object during trial to certain testimony from a government agent concerning Mr. Martinez's statements to him and that such testimony created a surprise to Defendant, resulting in an unfair trial.   Petitioner's claim, however, fails for two independent reasons.

Mr. Martinez appealed his conviction to the Tenth Circuit Court of Appeals, arguing, among other things, that the district court erred by failing to grant a mistrial based on the government's alleged failure to disclose the substance of Martinez's pretrial statements to a government agent.   The Tenth Circuit court found that the court did not abuse its discretion in not granting a mistrial, in part because Mr. Martinez had not demonstrated any prejudice because he was able to cross-examine the agent effectively.   Because this issue has essentially already been considered and disposed of on direct appeal, Petitioner may not raise this issue under §

2255.  *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1328 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

Moreover, this petition is time-barred.  A one-year statute of limitation applies to motions brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.  A judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States,* 537 U.S. 522, 527 (2003).  Here, the Supreme Court denied Petitioner's certiorari petition on November 6, 2006.  *See* 127 S. Ct 570 (2006).  Thus, Petitioner had one year from November 6, 2006 to file his § 2255 Petition.   The instant petition, however, was not filed until December 11, 2007, over a month past the deadline, rendering the petition untimely.

Based on the above reasons, Petitioner's § 2255 motion is DENIED.   This case is now

DISMISSED.

DATED this 21st day of December, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge